UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ASKER B. ASKER,
BASSAM ASKAR,
KOUSAY ASKAR,
SHERA ASSHAQ,
ALEXANDRA ASKAR,
AWHAM ASKAR,
JAMES E. GILLETTE, JR.,
THOMAS HORVATIS, AND
RICHARD WIGGINS

    Plaintiffs,

vs.

Case No. _____

SEMINOLE TRIBE OF FLORIDA, INC.,
AMERICAN EXPRESS COMPANY, and
The SEMINOLE TRIBE OF FLORIDA
TRIAL COURT, Hon. Moses B. Osceola,
Tribunal Chief Judge,

    Defendant.

---

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiffs Asker B. Asker, Bassam Askar, Kousay Askar, Shera Asshaq, Alexandra Askar, Awham Askar, James E. Gillette, Jr., Thomas Horvatis and Richard Wiggins, by and through their undersigned counsel, respectfully submit their Complaint for Injunctive and Declaratory Relief against Defendants Seminole Tribe of Florida, Inc., American Express Company and the Seminole Tribal of Florida Trial Court, Hon. Moses B. Osceola, Tribunal Chief Judge, and in support allege as follows:

### THE PARTIES

1. At all times material hereto, Plaintiff Asker B. Asker ("Asker") is a Michigan resident and is otherwise *sui juris*.

1

2.     At all times material hereto, Plaintiff Bassam Askar ("BA") is a Florida resident and is otherwise *sui juris*.

3.     At all times material hereto, Plaintiff Kousay Askar ("KA") is a Florida resident and is otherwise *sui juris*.

4.     At all times material hereto, Plaintiff Shera Asshaq ("SA") is a Florida resident and is otherwise *sui juris*.

5.     At all times material hereto, Plaintiff Alexandra Askar ("AA") is a Florida resident and is otherwise *sui juris*.

6.     At all times material hereto, Plaintiff Awham Askar ("AWA") is a Florida resident and is otherwise *sui juris*.

7.     At all times material hereto, Plaintiff James E. Gillette, Jr. ("JG") is a Florida resident and is otherwise *sui juris*.

8.     At all times material hereto, Plaintiff Thomas Horvatis ("TA") is a Florida resident and is otherwise *sui juris*.

9.     At all times material hereto, Plaintiff Richard Wiggins ("RW") is a Florida resident and is otherwise *sui juris*.

10.    At all times material hereto, Defendant Seminole Tribe of Florida, Inc. ("STOFI") is a Federal Corporation as defined by Section 17 of the Indian Reorganization Act of June 18, 1934, as amended, with a mailing address of 6300 Stirling Road, Suite 325, Hollywood, Florida 33024.

11.    At all times material hereto, Defendant American Express Company ("AMEX") is a corporation with principal headquarters located at 200 Vesey Street, New York, New York 10285, doing business in the State of Florida at 777 American Express Way, Fort Lauderdale, Florida 33337.

12.     At all times material hereto, Defendant Seminole Tribe of Florida Trial Court ("Tribal Court"), Hon. Moses B. Osceola, Tribunal Chief Judge presiding, is a Seminole Tribal Entity formed and Organized under the Seminole Tribe of Florida Constitution article X, with a mailing address at 6300 Stirling Road, Suite 320, Hollywood, Florida 33024.

## JURISDICTION AND VENUE

13.     In this case, Plaintiffs challenge the right of STOFI and the Tribal Court to compel AMEX, which does not reside on or do business on tribal lands, to produce individual credit card records and private, financial records of non-Indian citizens who live outside of the Tribe's boundaries. The question of whether the Seminole Tribal Court has the power to compel a non-Indian corporation and non-Indian citizens to submit to the civil jurisdiction of a tribal court, located on tribal lands on which they do not reside and do no business, is a "federal question" under 28 U.S.C. § 1331. Moreover, the question of whether the Subpoena described below comports with the Federal Rules of Civil Procedure and accompanying case law must be answered by reference to federal law and is also a "federal question" under 28 U.S.C. § 1331.

14.     Venue is proper in this Judicial District because the acts, omissions and transactions that gave rise to this Complaint occurred here and the Defendants reside or do substantial business here.

## FACTUAL ALLEGATIONS

15.     On June 27, 2016, STOFI filed a civil complaint against Evans Energy Partners, LLC ("EEP") in the Tribal Court in connection with matters arising out of a "Management Agreement" and "Loan Agreement" between STOFI and EEP. A true and correct copy of the Complaint is attached as *Exhibit "A"*.

16. On February 16, 2017, STOFI issued its Notice of Serving Subpoena Duces Tecum on Defendant ("AMEX") with the specific intent of obtaining private, financial information belonging to Asker, who is not a party in STOFI's tribal court action against EEP. A true and correct copy of the notice and subpoena is attached as *Exhibit "B"*. Specifically, STOFI seeks to obtain Monthly Account Statements, Monthly "Tag Summaries" and complete payment histories for Asker's "Main" AMEX Account for a three-year time period. The Subpoena seeks volumes of undefined information, commanding AMEX to provide this information for AMEX charge cards issued to each and every account "related to" Asker's "Main" account including, but not limited to, those accounts/cards issued to Bassam Askar, Kousay Askar, Shera Asshaq, Eleazer Corzo, Alexandra Askar, Awham Askar, James E. Gillette Jr., Thomas Horvatis and Richard Wiggins (the "Individual Account Holders") for a three-year time period. Each of the individual accounts/cards and all of the information sought by the subpoena belongs to Asker and/or the respective account holders.

17. The Tribal Court's jurisdiction is defined by Tribal Ordinance, which provides that the Seminole Tribe may exercise jurisdiction over any person who comes within the jurisdiction of the Tribe, including:

> A. Any person who is an enrolled member of the Tribe, or who is eligible for enrollment in the Tribe;
>
> B. Any person who is an enrolled member of a federally recognized tribe;
>
> C. Any person or entity who does business within the exterior boundaries of the Tribe including but not limited to corporations, partnerships, limited liability companies, governments and agencies, whether incorporated or not;
>
> D. Any person who voluntarily submits to the jurisdiction of the Seminole Courts.

A true and correct copy of the applicable Ordinance is attached as *Exhibit "C"*.

18. Plaintiffs are not members of the Seminole Tribe or any other federally recognized tribe.

19. AMEX is not a member of the Seminole Tribe or any other federally recognized tribe.

20. Plaintiffs do not conduct business within the exterior boundaries of the Tribe.

21. AMEX does not conduct business within the exterior boundaries of the Tribe.

22. Plaintiffs have not voluntarily submitted to the jurisdiction of the Seminole Court.

23. AMEX has not voluntarily submitted to the jurisdiction of the Seminole Court.

24. The Seminole Tribe incorporates and relies on the Federal Rules of Civil Procedure for the adjudication of disputes within its Tribal Court.

25. The Subpoena violates federal law because the Seminole Trial Court does not have the jurisdiction or authority to issue a subpoena to AMEX for Asker's personal information. Furthermore, neither AMEX, Asker nor the individual account holders are subject to the Tribe's purported subpoena power.

26. The Subpoena violates federal law as it is unduly burdensome, not proportional to the needs of the case and seeks information that has no plausible connection to the underlying, Tribal Court complaint. *See*, Rule 26, Rule 45, Fed. R. Civ. P.

27. The Subpoena violates federal law that provides protection to private, financial information of Asker and the other account holders. *See* 15 U.S.C. § 6801 *et seq*.

28. The Subpoena violates Article I, Section 23 of the Florida Constitution as it seeks private, financial information belonging to Asker and the other individual account holders, who are Florida residents, with no compelling justification.

29. As AMEX is a bank holding company under the Bank Holding Company Act of 1956 and a financial institution under the laws of the State of Florida, the Subpoena violates Florida

Statute §655.059, which requires financial institutions to maintain the confidentiality of the accounts of its customers unless the information is compelled for production by a court of competent jurisdiction.

30.     There is a substantial threat that Plaintiffs will suffer irreparable injury if AMEX is required to comply with the subpoena and it is required to divulge Plaintiffs' private, financial information to STOFI without consenting to the Tribal Court's jurisdiction or doing business within its borders.

31.     Plaintiffs have a substantial likelihood of success on the merits because neither STOFI nor the Tribal Court have the authority to issue subpoenas beyond its borders in an effort to secure private, financial information from individual, non-Indian citizens who have no connection to the Seminole Tribe or its underlying lawsuit.

32.     Plaintiffs have a substantial likelihood of success on the merits because the Subpoena is unduly burdensome, not proportional to the needs of the case and seeks information that has no plausible connection to the underlying, Tribal Court Complaint.

33.     STOFI will suffer no harm if AMEX is enjoined from complying with the Subpoena.

34.     The threatened injury to Plaintiffs far exceeds the minimal harm to the Defendants.

35.     Declaratory relief would serve the public interest by recognizing and enforcing Florida's strong, constitutional protection to private, financial records while establishing clear boundaries for STOFI or the Tribal Court's authority to issue subpoenas that directly impact non-Indian citizens who do not live on tribal land or do business there.

## COUNT I
## (DECLARATORY RELIEF)

36. Plaintiffs re-allege and incorporate the preceding allegations as though set forth in their entirety here.

37. This Count seeks declaratory relief pursuant to 28 U.S.C. 2201 that STOFI and the Tribal Court lack the authority to issue a subpoena to AMEX thereby compelling it to produce the private, financial information belonging to Asker and the other Plaintiffs and for attorney fees pursuant to 28 U.S.C. 2202 incurred by Plaintiffs in pursuing this action.

38. There is a substantial, ongoing and immediate controversy between these parties regarding the Tribe's authority to issue and enforce the Subpoena on non-Indian citizens with no connection to the Tribe and who retain strong, protected interests in the privacy of their financial information. This controversy is definite and concrete, touching on the legal relations of the parties.

39. Given this immediate, ongoing controversy, declaratory relief is necessary to adjudicate and resolve the dispute between the parties regarding STOFI's or the Tribal Court's authority to compel the production of private, financial records from non-Indian citizens who are not parties to the underlying lawsuit and have no connection to the Seminole Tribe.

40. Based on the foregoing, Plaintiffs seek a declaration from this Court that STOFI's Subpoena is unenforceable and void in its entirety.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that this Court enter an appropriate Temporary Restraining Order, Injunction and Declaration:

A. Enjoining STOFI and/or the Tribal Court from enforcing the Subpoena;

B. Enjoining AMEX from complying with the Subpoena;

C. Declaring that the Subpoena is unenforceable and void in its entirety;

D. For Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action, and;

E. For such further relief as this Court deems just and proper under the circumstances.

Dated this 3rd day of March, 2017.

/s/Donald G. Peterson, Esq.
Donald G. Peterson, Esq.
Florida Bar No. 711616
Parrish, White & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Ph 239/566-2013; Fax 239/566-9561
donpeterson@napleslaw.us
ply@napleslaw.us
karlaschooley@napleslaw.us
stephaniegassiot@napleslaw.us
***Attorneys for Plaintiffs***